# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

LENNIE J. THOMPSON,

               Respondent,

        v.

NORTHWEST CENTER; TOM
EVERILL; JOHN TYE; VIRGINIA
BURZOTTA; JONATHON WHIPPLE;
and THE NORTHWEST CENTER
BOARD OF DIRECTORS,

               Appellants.

No. 69224-1-I

DIVISION ONE

UNPUBLISHED

FILED: January 21, 2014

2014 JAN 21 AM 9:05

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

Cox, J. — At the conclusion of a hearing on Northwest Center's special motion to strike certain claims under RCW 4.24.525, the Anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, the trial court entered its order. The court dismissed certain claims and reserved for trial Northwest's request for an award of attorney fees, costs, and a $10,000 statutory penalty. Northwest appeals, assigning error only to the trial court's reservation for trial of the requests for monetary relief. Because Northwest failed to preserve below the arguments that it makes for the first time on appeal, we affirm.

Lennie Thompson commenced this action against his former employer, Northwest Center, its individual board members, and a judge, asserting claims of defamation, unlawful termination, and employment discrimination. Northwest moved by special motion to strike the defamation claims under the Anti-SLAPP statute. In its motion, Northwest also requested an award of attorney fees and costs and a $10,000 statutory penalty.

Thompson, representing himself pro se, appeared at the hearing on Northwest's special motion to strike and requested a continuance. The trial court questioned Thompson as to whether he understood Northwest's motion and the limitations on certain types of defamation claims under the Anti-SLAPP statute. After a lengthy discussion on the record, Thompson stated that he wished to withdraw all defamation claims against all defendants. The trial court stated that it would allow Thompson to dismiss the defamation claims and also stated that it would reserve for trial the requests for monetary relief. Northwest did not object. Counsel for Northwest provided a proposed order and stated to the court:

"[Y]ou can cross out the $10,000 award with the fees or at least – I'm not sure if you want to reserve, or . . . I leave that up to you . . . paragraph three on the second page is the section you may want to strike."[1]

The court signed Northwest's proposed order dismissing all defamation claims, having crossed out the paragraph addressing the requested monetary award and noting in the margin, "Reserved for trial."[2]

Northwest appeals, arguing for the first time that the trial court erred by reserving for trial any monetary awards.[3]

## PRESERVATION OF ERROR

Generally, an appellate court will not consider issues raised for the first time on appeal.[4] A party must inform the court of the rules of law it wishes the

---

[1] Report of Proceedings (August 3, 2012) at 25-26, 29.
[2] Clerk's Papers at 100.
[3] Thompson has requested consideration of various exhibits attached to his brief. Because these materials are not relevant to the single assignment of error in Northwest Center's appeal, we deny his request.
[4] RAP 2.5(a).

court to apply and afford the trial court an opportunity to correct any error.[5] Failure to do so precludes raising the error on appeal.[6] "While an appellate court retains the discretion to consider an issue raised for the first time on appeal, such discretion is rarely exercised."[7]

Here, after the court stated that it would reserve ruling on the monetary awards, Northwest not only failed to object, it specifically deferred to the trial court's decision to do so. Moreover, it provided a proposed order, and suggested annotations to memorialize the reservation. The trial court entered the order, as presented and modified. Northwest simply failed to preserve the alleged error it now asserts on appeal. And it fails to argue why an exception to this rule applies in this case.

Because we do not reach arguments Northwest makes for the first time on appeal, we need not address whether the order before us is an appealable order. Although the parties were directed by this court to brief that issue, that briefing is not helpful.

We affirm the order on the special motion.

Cox, J.

WE CONCUR:

Jau, J.                                    Becker, J.

---

[5] Smith v. Shannon, 100 Wn.2d 26, 37, 666 P.2d 351 (1983).
[6] Id. at 38.
[7] Karlberg v. Otten, 167 Wn. App. 522, 531, 280 P.3d 1123 (2012).